UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRA J. HYDE a/k/a SAM HYDE,

    Plaintiff,

v.                                            CASE NO: 8:07-cv-240-T-30MAP

STORELINK RETAIL GROUP, INC.,

    Defendant.
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #10) and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. #11). The Court, having considered the motion, response, and memoranda in support, finds that Defendant's motion should be granted in part and denied in part.

**Factual Background**

**I.**    **Plaintiff's Allegations**

    Plaintiff, Vira J. Hyde, a/k/a Sam Hyde ("Plaintiff"), brings a six count complaint against Defendant, Storelink Retail Group ("Defendant"), alleging violations under 42 U.S.C § 2000e of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act ("ADEA"), and the Florida Civil Rights Act ("FCRA").

    According to her complaint (Dkt. #1), Plaintiff was hired by Defendant in April of 1996. She was promoted to District Manager and then to Regional Manager. In late 2005,

Andrea, an hourly non-managerial employee, complained to Plaintiff and Plaintiff's District Manager about unwelcome advances by Plaintiff's immediate supervisor and Director of Operations, Steven Jaspan. Plaintiff reported Jaspan's improper conduct to the Director of Resets. In October of 2005, Andrea complained to a District Manager about Jaspan's unwelcome conduct during a recent overnight training session. This District Manager then told Plaintiff about Andrea's complaint. Plaintiff reported Jaspan's improper conduct to Storelink's owners and the Human Resources Director. In response, Storelink Human Resources relocated Andrea to another position. Shortly thereafter, Plaintiff's superiors told her in a private meeting that, "she was not playing the corporate game right" and otherwise disparaged her. Several weeks after reporting Jaspan to the owners and Human Resources, Plaintiff received several written warnings for minor violations at work. In December of 2005, Plaintiff received the first of several verbal and written reprimands for reasons beyond her control. Before she made her complaints, Plaintiff had earned favorable evaluations and appraisals. On March 28, 2006, after ten years at Storelink, Jaspan fired Plaintiff and replaced her with a male under the age of forty.

    Plaintiff lists the following six counts in her complaint:

1.     Sexual Discrimination Generally - Title VII

2.     Sexual Discrimination Prima Facie Case - Title VII

3.     Retaliation - Title VII

4.     Disparate Treatment - Title VII

5.     Age Discrimination - ADEA

      6.      Florida Civil Rights Act Claims - FCRA

## DISCUSSION

**I.**      **Legal Standard**

Defendant has moved to dismiss each count of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. (Dkt.# 11,1). When ruling on a motion to dismiss, the Court must accept the allegations within the complaint as true. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). A claim will survive a motion to dismiss for failure to state a claim if the alleged facts "plausibly" support the claim. Bell Atalntic Corp. v. Twombly, 127 S. Ct. 1955, (2007).

The Federal Rules of Civil Procedure require only that a claim include: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Under the Rule 8 standard for pleadings, a plaintiff need only put the defendant on notice of the claims and their grounds. Conley, 355 U.S. at 47.

**II.**      **Legal Analysis**

      A.      **Count One** - Sex Discrimination Generally - Title VII

Count One of Plaintiff's complaint appears to allege a claim for retaliation under Title VII. As Plaintiff has more appropriately pleaded a claim for retaliation in Count Three of her complaint, the Court concludes that Count One is duplicative and should be dismissed.

B.     **Count Two** - Sex Discrimination - Prima Facie Case - Title VII

Title VII provides in pertinent part:

> It shall be an unlawful employment practice for an employer-
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § § 2000e-2(a).

In the absence of direct evidence, an action for sex discrimination under Title VII must allege facts which demonstrate the following elements: (I) membership in a protected class, (ii) qualification for the job (iii) termination or other adverse employment action, and (iv) replacement by a person outside of the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Plaintiff has alleged facts that would satisfy the prima facie elements for a Title VII sex discrimination claim. As a female, she is a member of a protected class. (Dkt. #1, 2). She alleges that she has ten years of experience working for Defendant, earning high appraisals and evaluations. (Dkt. #1, 3). This sufficiently alleges that Plaintiff is qualified to hold the position from which she was fired. Defendant fired Plaintiff on March 28, 2006. (Dkt. #1, 3). Finally Plaintiff alleges that Defendant replaced her with a male. (Dkt. #1, 5).  Therefore Plaintiff has established a prima facie case for sex discrimination under Title VII.

Plaintiff must also satisfy the three pleading requirements listed in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff cites the grounds for this Court's jurisdiction over the entire complaint, and offers a short, plain statement of the grounds upon which this Court's jurisdiction depends. (Dkt. # 1). Next, in alleging the elements of the prima facie case, Plaintiff has provided a short, plain statement of her claim which shows that she may be entitled to relief. Lastly, Plaintiff seeks from the Court all legal and equitable relief available under 42 U.S.C. § § 2000e. (Dkt. #1, 5). Accordingly, Defendant's motion as to Count Two will be denied.

C.    **Count Three** - Retaliation - Title VII

With respect to claims for retaliation, Title VII provides:

> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings
>
> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § § 2000e-3(a).

In the absence of direct evidence, an action for retaliation under Title VII must allege facts which demonstrate that: (I) Plaintiff has engaged in statutorily protected conduct, (ii)

Plaintiff suffered an adverse employment action, and (iii) the adverse action is causally related to the protected expression. Williams v. Motorola, Inc., 303 F. 3d 1284, 1291 (11th Cir. 2002).

Opposing an unlawful employment practice or aiding its investigation is a protected activity under 42 U.S.C. § § 2000e-3(a). Plaintiff alleges that shortly after October of 2005, she told Human Resources and Storelink owners that she opposed the discriminatory conduct of Steven Jaspan. (Dkt. #1, 3). After complaining to Defendant about Jaspan, Plaintiff began to receive disparaging write-ups and by March 28, 2006, Steven Jaspan had fired her. (Dkt.#1, 6). In light of Plaintiff's ten years of favorable evaluations, these events occurring after her complaints are sufficient to support a prima facie claim for retaliation under Title VII. Accordingly, Defendant's motion as to Count Three will be denied.

        D.      **Count Four** - Disparate Treatment - Title VII

To recover for disparate treatment under Title VII, in the absence of direct evidence, Plaintiff's allegations must plausibly establish that: (I) she is of a protected class, (ii) she is qualified to do the job, (iii) she has suffered an adverse employment action, and (iv) she was treated less favorably than at least one similarly situated male colleague. Eskra v. Provident Life & Acc. Ins. Co., 125 F.3d 1406, 1412 (11th Cir.1997).

Further, these elements must combine to support an inference that Defendant acted with discriminatory intent. Wilson v. B/E Aerospace, Inc. 376 F.3d 1079 (11th Cir. 2004). When a plaintiff alleges disparate treatment, "liability depends on whether the protected trait actually motivated the employer's decision." Hazen Paper Co. v. Biggins, 507 U.S. 604, 610

(1993).

While Rule 8 can be satisfied with a short and plain statement, a claim must do more than make unsupported assertions. Wholly conclusory allegations will not survive a motion to dismiss. Bell, 127 S. Ct. at 1968. Although the Court adopts the factual claims underlying a motion to dismiss, the Court is, "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Although Plaintiff has alleged that she was a female employee fired despite being qualified, she offers no facts to show that she was treated any differently than a similarly situated male employee. Her bold assertion that Defendant "intentionally, willfully, and wantonly," treated her differently, does not explain how she was treated differently or against whom she compares this treatment. (Dkt. # 1, 7)

It is not the job of this Court to, "conjure up unpleaded facts that might turn a frivolous claim of unconstitutional . . . action into a substantial one." Bell, 127 S.Ct. at 1969. Because Plaintiff has not made a prima facie case or provided Defendant with adequate notice of the claim and the grounds supporting it, the motion as to Count Four will be granted.

    E.    **Count Five** - Age Discrimination - ADEA

The ADEA provides in pertinent part:

    a) Employer practices

    It shall be unlawful for an employer--

>(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>(3) to reduce the wage rate of any employee in order to comply with this chapter.

(29 U.S.C. § § 623).

In the prima facie case for discrimination under the Age Discrimination in Employment Act, a plaintiff must allege that: (I) she was at least 40 years old, (ii) she was qualified to perform her job, (iii) she was discharged or otherwise discriminated against, and (iv) her position was filled by a person under the age of 40. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142 (2000).

Count Five alleges facts that establish the prima facie elements of this ADEA claim. Plaintiff was 44 years of age at the time of her termination and a person under age 40 filled her position. (Dkt.#1, 8).

This is a short and plain statement that puts Defendant on notice of the claim against him. Count Five also includes a demand for judgment and a list of the damages Plaintiff seeks. Accordingly, Defendant's motion to dismiss Count Five will be denied.

F.      **Count Six**  Florida Civil Rights Act Claims

The Florida Civil Rights Act provides in pertinent part:

>   (1) It is an unlawful employment practice for an employer:
>
>   (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.
>
>   (7) It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

(Fl. Stat.§ 760.10).

"The FCRA, Florida's anti-discrimination law, is patterned so closely after Title VII that the two acts are considered essentially co-extensive; and cases disposing of Title VII claims are equally dispositive in regard to claims under the FCRA." Harper v. Blockbuster Entertainment, Corp., 139 F.3d 1385, 1387 (11th Cir.1998). The Court also considers co-extensive the FCRA and the ADEA. Sheppard v. Sears, Roebuck & Co., 391 F.Supp.2d 1168, 1177 (S.D. Fla. 2005).

Count Six realleges under the FCRA those facts which have supported her federal claims. Therefore, those facts and allegations that establish prima facie cases under Title VII and the ADEA, will also support comparable claims under the FCRA. Likewise, any causes of action in the FCRA resembling Count One or Count Four will be dismissed on similar grounds.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. #10) Counts One and Four is **GRANTED**.

2. Defendant's Motion to Dismiss (Dkt. #10) Counts Two, Three, and Five is **DENIED**.

3. Defendant's Motion to Dismiss (Dkt. #10) Count Six is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

4. Defendant has 20 (twenty) days from the date of this Order to respond to the Counts remaining.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-240.mtd 10.frm*